IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND



AUG 2 0 2018

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

Rolando O. Thorpe,  :

    Petitioner,  :

v.  :  Crim. No. PWG-8-15-CR-00296-00

United States of America,  :  The Honorable Paul W. Grimm
                               United States District Judge
    Respondents.  :

                            :

### MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. 3582[c][2]

Comes now the petitioner Rolando Thorpe, pro-se in the above-captioned cause humbly and respectfully requests this most Honorable Court modify his sentence pursuant to Amendment 787 to reflect credit for a related state sentence under U.S.S.G. § 5K2.23, and for the following reasons expressed herein

### JURISDICTION

Jurisdiction in this case is by virtue of 18 U.S.C. § 3582 [c][2], which states in pertinent part:

> [c] The court may not modify a term of imprisonment once it has been imposed except that--
>
> [2] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered ...upon motion of the defendant... the court may reduce the term of imprisonment..." Id.

A Memorandum of Points and Authorities is attached hereto.

                                        Respectfully Submitted,

                                        _____
                                        Rolando O. Thorpe, Pro-se
                                        Fed.Reg.#58725-037

-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Rolando O. Thorpe,

 Petitioner,

v.            Crim. No. PWG-8-15-CR-00296-00

United States of America,     The Honorable Paul W. Grimm
               United States District Judge
 Respondents.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO MODIFY SENTENCE

### PROCEDURAL HISTORY

1. On or around November 22, 2013, the petitioner was arrested for possession of CDS and a firearms offense by the State of Maryland. This was alleged to have occurred while similar charges were pending.

2. That, on April, 29, 2014, the State of Maryland dropped some of the charges that had piled-up against petitioner, while the United States lodged a criminal complaint in regards to the above-captioned case number.

3. That, the petitioner was subsequently taken from the custody of the State of Maryland on April 30, 2014, and sent to Arizona [Oklahoma struck through] to face charges in another State case unrelated to the above-captioned case number.

4. That, the petitioner pled guilty to the State of Arizona [Oklahoma struck through] charges and the court ran those charges concurrent with any other charges going forward.

5. That, on May 15, 2015, an Order of Detention as to the petitioner was signed by Magistrate Judge Charles B. Day [Id. at Dkt. Entry 9], subsequent to petitioner's initial appearance in this case. This was the start of petitioner's return to federal custody.

6. That, on May 27, 2015, the petitioner was indicted on counts 1, 2, 3, and 4 of the indictment in this case. [Id. at Dkt Entry 11].

7. That, on June 10, 2015, the petitioner was arraigned as to counts 1, 2, 3, and 4, where the petitioner pled not guilty to the charges in this case. [Id. at Dkt. Entry 13].

8. That, on August 29, 2016, the petitioner entered into an agreement with the government to plead guilty under Rule 11[c][1][C], in exchange for the government dismissing counts 1, and 3, for a total binding range of 60 months imprisonment on counts 2, and 4 running consecutive to each other for a total of 120 months imprisonment, followed by a total of five years supervised release and a special assessment of $200.00.

9. That, on November 28, 2016, the petitioner was sentenced in this case, and on December 02, 2016, the judgment was entered into the record.

10. That, on June 12, 2017, this most Honorable Court received a letter/motion from the petitioner requesting credit for time served. [Id. at Dkt. Entry 45]. The government was ordered to respond and on August 3, 2017, the government responded to petitioner's letter/motion. [Id. at Dkt. Entry 51].

11. That, the government in its response did not object to the petitioner's letter/motion, and so this most Honorable Court issued an amended Judgment and Conviction [J&C Order] explicitly stating that the federal sentence [case number: PWG-8-15-CR-00296-00] will be served concurrently with [petitioner's] state sentence, and as such, [petitioner's] request that [his] federal sentence run concurrent with [his] state sentence is granted. See Docket Entry of March 1, 2018.

12. That, the Federal Bureau of Prisons only credited the petitioner for six [6] months pretrial credit eventhough the record reflects that he should have received credit starting from at least May 15, 2015, when the Order of Detention was entered into the record, and ending on November 27, 2016, which is a total of 18 months of pre-trial credit served on the concurrent sentence.

## IN LIGHT OF FREEMAN V. UNITED STATES THE PETITIONER IS ELIGIBLE FOR A REDUCTION AS IT RELATES TO RULE 11[c][1][C] PLEAS

Petitioner avers that in light of Freeman v. United States, 564 U.S. ____, 131 S. Ct. ____, 180 L.Ed2d 519 [2011], he is eligible for a reduction under 18 U.S.C. § 3582[c][2], as it relates to Rule 11[c][1][C] pleas.

That, Freeman held; "[An] accused who pleaded guilty in exchange for sentence recommendation held...eligible for sentence reduction under 18 U.S.C. § 3582[c][2], if the plea agreement expressly used Federal Sentencing Guidelines range that was subsequently lowered." Id. at supra.

That, the High Court went further and held; "Federal Sentencing law requires the district judge in every case to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of federal sentencing, in light of the Sentencing Guidelines and other 18 U.S.C. § 3553[a] factors. 18 U.S.C.§ 3553[a]. The Guidelines provide a framework or starting point and basis, in the commonsense meaning of the term for the judge's exercise of discretion. Fed. R. Crim. P. 11[c][1][C], permits the defendant and the prosecutor to agree that a specific sentence is appropriate, but that agreement does not discharge the district court's independent obligation to exercise its discretion. In the usual sentencing, whether following a trial or plea, the judge's reliance on the Guidelines will be apparent, for the judge will use the guidelines range as a starting point in the analysis and impose a sentence, within the range." Id. at supra.

## WHETHER RELIEF CAN BE GRANTED

The suggested answer is affirmative. In support, the petitioner relies on United States v. Dean, No. 3:95-CR-00031-MOC [W.D. NC 2015], which held; "despite the error in his attorney failing to argue for such credit [which in this case is petitioner's 18 months of pre-trial credit] this court can correct this error as part of resentencing." Id. at supra. See attached as exhibit.

That, in further support, the petitioner relies on United States v. Troches, 2000 U.S. App. Lexis 3791 [2d Cir. 2000], which held; "...application note 2 in the Sentencing Guidelines, U.S.S.G. § 5G1.3...instructs the sentencing court to adjust concurrent sentences to account for time already served [under § 5K2.23] on a related [or unrelated] state sentence, **if, the Bureau of Prisons does not credit the state time served.** Specifically, Application note 2 instructs the court to:

> . . . .adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in the guideline range for the instant offense if the court determines that the period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons..." Id. at supra.

That, in the case at bar, credit for the concurrent state sentence can be obtained under section 3582[c][2], by applying U.S.S.G. § 5K2.23, and § 5G1.3[b] [Discharged and Undischarged Terms of Imprisonment]. Again, Dean is instructive in the case at bar in that, the court held; "The Court agrees with United States v. Malloy, 845 F.Supp.2d 475 [N.D.N.Y. 2012]", in which after considering the language of Dillon v. United States, 560 U.S. 817 [2010], the . . .

. . .trial court determined that U.S.S.G. § 1B1.10[b][2] did not bar the court from applying a credit for prior custody under U.S.S.G.§ 5G1.3[b][now under Section 5K2.23]." The Court in Dean went on to state: "In Malloy, [the] court reasoned that in applying a § 5G1.3[b] credit, it was not improperly lowering the guideline range-which would clearly violate the policy statement of the Commission--but was crediting defendant for time served under the ...guideline range." Id at 483.

That, the Dean court "agree[d] with its colleague in Malloy that applying a credit for time served that was overlooked earlier has no impact on determining whether a defendant qualified for a sentence reduction or the calculation of the resulting guideline range. Because applying any credit for time served comes only after such § 1B1.10[b][1] determination [and] such corrective action does not offend the policy statement of the Sentencing Commission or the direction provided by the Court in Dillon." Id. at Dean supra.

That, in United States v. Abreu, 155 F.Supp.3d 211 [E.D.N.Y. 2015], the court in determining the effect of U.S.S.G. § 1B1.10 [b][2][A] on § 5G1.3[b], stated that, "the court finds Malloy, to be directly on point." And, that, "section 5G1.3[b] adjusts only the amount of time the defendant will remain incarcerated in order to fulfill the term of imprisonment imposed." Id.

That, the court in Abreu, further stated at note 3, that, "the court in Malloy also determined that § 1B1.10 did not apply to departures under § 5K2.23", as well.

Section 5K2.23, provides that "a downward departure may be appropriate if the defendant [1] has completed serving a term of imprisonment; and [2] subsection [b] of § 5G1.3...would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense." Id. at note 3 at Abreu supra.

That, in the case at bar, § 3582[c][2] therefore provides an avenue of relief by which the petitioner and the court may employ so that the petitioner can obtain credit for the discharged term of imprisonment.

That, a colleague of the Western District of Virginia disagrees with Dean, and it progeny. See United States v. Statzer, U.S. Dist. No. 1:08CR00024-020, [W.D. Va. 2016], by ruling that Dean, only applies when receiving relief under an Amendment change under § 1B1.10. The court in Statzer, went further and held; "the misapplication of the sentencing guidelines does not normally amount to a miscarriage of justice that can be remedied on collateral review, years after the original sentence." Id. at supra. [citing, United States v. Mikalajunas, 186 F.3d 490, 496 [4th Cir. 1999]].

That, one would think that Mikalajunas, is abrogated in light of the Supreme Court's recent 7-2 Decision in Rosales-Mireles, No. 16-9493 [6/18/2018], which held; "a district court has the ultimate responsibility to ensure that the U.S. Sentencing Guidelines Manual range it considers is correct, and the failure to calculate the correct Guidelines range constitutes procedural error." Id.

That, in sum, "if a defendant cannot show that he is entitled to receive credit under U.S. Sentencing Guidelines Manual § 5G1.3 [b] for prior custody, he may still be able to obtain credit under U.S. Sentencing Guidelines Manual § 5K2.23 for his time served. § 5G1.3, cmt., application n. 5. Though similar to § 5G1.3[b] in many ways, § 5K2.23 differs from it in three material respects: [1] § 5K2.23 applies when the prior custody has been served on a sentence that is fully discharged [rather than undischarged] at the time of the federal sentencing; [2] § 5K2.23 allows for a departure, not an adjustment; and [3] when the requirements of § 5K2.23 are satisfied, the guideline doe snot mandate that the district court credit the prior custody; rather, the court has discretion to depart if it wishes to do so." Id. [quoting, <u>United States v. Gonzalez-Murillo</u>, 852 F.3d 1329 [11th Cir. 2017]].

<u>CONCLUSION</u>

Wherefore, these reasons stated in the aforementioned, the defendant prays this most Honorable Court exercise its discretion under the 787 Amendment, and in turn, award him credit for the discharged and concurrent term of imprisonment staring from May 15, 2015, and ending November 27, 2016.

Respectfully Submitted,

_____
Rolando Thorpe, Pro-se
Fed.Reg.#58725-037
FCI-Fairton
P.O.Box-420
Fairton, NJ 08320

CERTIFICATE OF SERVICE

I, hereby certify and declare that a true and accurate copy of the foregoing motion to modify was placed into the hand of this institution's mail person, on this 8th day of August, 2018, to make service on the United States Attorney's Office for the District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770.

_____
Rolando Thorpe, Pro-se
Fed.Reg.#58725-037
FCI-Fairton
P.O.Box-420
Fairton, NJ 08320