**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Case No. 15-cr-296-PWG** |
| **ROLANDO THORPE** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Rolando Thorpe's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 81. Mr. Thorpe is currently incarcerated at FCI Fairton in Fairfield Township, New Jersey where he is serving a 10-year sentence. Def.'s Mot., ECF No. 81; Amended Judgment, ECF No. 59. In his motion, he requests that the Court release him due to personal health risks associated with the COVID-19 pandemic. I have reviewed all the materials[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons discussed below, Mr. Thorpe's motion is DENIED.

**BACKGROUND**

On August 24, 2017, Mr. Thorpe entered a guilty plea pursuant to Fed. R. Crim. P 11(c)(1)(C) to one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Def.'s Mot. Mem. 2; Gov. Resp. 2–3. On March 5, 2018, the Court, imposed a sentence of 60 months on each count, to run consecutively. Judgment 2. As defense counsel notes, Mr. Thorpe has been detained in this case since May 15, 2015. Def.'s Mot. 2. According to the Bureau of Prisons' ("BOP") inmate lookup service, Mr. Thorpe is due

---

[1] The motion is fully briefed. *See* ECF Nos. 81, 84, and 87.

to be released on December 27, 2024. bop.gov/inmateloc/ (last visited May 27, 2021). The BOP facility where Mr. Thorpe is detained, Fairton FCI, is currently experiencing 0 active COVID-19 cases among inmates and two active case among staff. bop.gov/coronavirus/ (last visited May 27, 2021). At the time his motion was filed, Mr. Thorpe reported 26 active cases among the inmate population, 26 active cases among staff, and 257 cases of inmates who had been infected but recovered. Def.'s Mot. 1.

Defense counsel details Mr. Thorpe's medical conditions in the motion. Specifically, Mr. Thorpe is obese, which places him at a higher risk of severe illness should he contract COVID-19. *Id*. Mr. Thorpe argues this condition constitutes an extraordinary and compelling circumstance warranting release. *Id*. at 3. Specifically, his body mass index of 33 places him at a higher risk of illness, according to the Centers for Disease Control ("CDC"), as well as a New York University study that assessed chronic conditions leading to hospitalization of COVID-19 patients. Def.'s Mot. 4.

The Government opposes Mr. Thorpe's release, assuming that Mr. Thorpe has established extraordinary and compelling circumstances but arguing that release is not warranted because Mr. Thorpe remains a danger to the community. Gov. Resp. 11, 13 ("Because a body mass index of 33 is considered a risk factor by the CDC, the government treats the defendant as having established an extraordinary and compelling reason for release in the context of the COVID-19 pandemic.")

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. §

3582(c)(1)(B). Here, Mr. Thorpe requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[2] The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the BOP received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.*

**I.  Administrative Exhaustion**

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). This condition is satisfied. Gov. Resp. 10 n. 7 (noting 30 days have passed since Mr. Thorpe filed with the warden an administrative request for release)

**II.  Extraordinary and Compelling Reasons**

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). I join with the majority of courts finding that 18 U.S.C. §

---

[2] The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the court to act on a motion for compassionate release filed by a defendant.

3582(c)(1)(A)(i) as amended grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold. *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, *7 (4th Cir. Dec. 2, 2020). More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at *9 (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). And, while not binding, *id.*, the Sentencing Commission's policy statements may provide useful guidance.

The Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 offer guidance here. Section 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including the statement that, in determining whether to grant a motion for compassionate release, the court should be satisfied that "the defendant is not a danger to the safety of any other person or to the community." The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C).

Mr. Thorpe cites his medical condition, and the vulnerable position in which it places him during the COVID-19 pandemic, as a reason to find extraordinary and compelling circumstances here.

Judges in this court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where a defendant had serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United States v. Jennings*, Case No.: 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this court and others and the application of multiple conditions). Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

At present, considering the Government assumes the extraordinary and compelling circumstance threshold is met, and in light of authority from this Court finding obesity alone is sufficient to meet the extraordinary and compelling threshold (*e.g. United States v. Corey*, Crim. No. JKB-09-0512, 2020 WL 5913238, at *2 (D. Md. Oct. 6, 2020)) I find that Mr. Thorpe has established extraordinary and compelling circumstances.

### III.   Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary, but alone not sufficient, condition for compassionate release. This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense."

Mr. Thorpe argues that the § 3553(a) factors favor release because his offense did not involve allegations of violence, the conditions of confinement are far more severe due to the pandemic than the Court could have imagined at sentencing (citing *United States v. Mel*, Crim. No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020)), and he has engaged in rehabilitative programming such as employment and successful completion of the Residential Drug Abuse Program. Def.'s Mot. 6–7. Further, Mr. Thorpe has not received an infraction during his term of incarceration and he enjoys a supportive family in the community. *Id.* at 7; Ex. C to Def.'s Mot., Letter from Mr. Thorpe's mother, ECF No. 81-1. Mr. Thorpe's rehabilitative efforts and lack of infractions while incarcerated are certainly commendable.

Despite his efforts, the sentencing factors do not presently counsel in favor of releasing Mr. Thorpe. While the Government agrees Mr. Thorpe does not have violent criminal history, Gov. Resp. 14, the Government correctly notes that drug trafficking offenders use firearms to carry out their operations, as Mr. Thorpe did here, and that such a combination is dangerous. For this reason, 18 U.S.C. § 924(c) imposes a severe sentence: 60 months consecutive to any other sentence for individuals convicted of firearm possession in the course of drug trafficking. Gov. Resp. 14. As the statement of facts attached to the plea agreement notes, Mr. Thorpe possessed a Glock Model 29 handgun and two large-capacity magazines at the time law enforcement officers executed the search warrant that led to Mr. Thorpe's convictions here. ECF No. 32-1. And as the Government notes, this is not Ms. Thorpe's first firearms offense, having been convicted of State firearms offenses in 2012 after being found in possession of three firearms, two of which were reported stolen. Gov. Resp. 15; Ex. C to Gov.'s Resp at ¶ 37 (Presentence Investigation Report). The nature and circumstances of the instant offense, coupled with Mr. Thorpe's criminal history,

6

suggest an ongoing drug dealing operation that invited the potential for violence. Overall, the sentencing factors do not favor release.

Considering all of the circumstances, I find that granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a). The nature of the instant offense is inherently dangerous and the Court is not convinced that Mr. Thorpe no longer poses a danger to the community. Additionally, the sentence here was imposed to promote general deterrence and specific deterrence due to Mr. Thorpe's significant criminal history. *See* Ex. C to Gov. Resp. at ¶ 40 (Presentence Investigation Report, computing criminal history category of VI). Due to Mr. Thorpe's history of recidivism, the Court is not convinced release at this time is appropriate.

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Thorpe faces based on his heightened vulnerability to the virus. However, I find that even though he has met the threshold of showing extraordinary and compelling circumstances, the danger he poses to the community and the sentencing factors do not militate in favor of release. Therefore, Mr. Thorpe's motion for compassionate release is denied.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 27th day of May 2021, hereby ORDERED that the Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 81 is DENIED.

                                                /S/
                                      Paul W. Grimm
                                      United States District Judge